IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **COURTNEY BRASWELL,** | |
| **Plaintiff,** | |
| v. | 1:06-cv-0374-WSD-ECS |
| **FOCUS RECEIVABLES MANAGEMENT, LLC,** | |
| **Defendant.** | |

## ORDER

This matter is before the Court on the Report and Recommendation [7] issued by Magistrate Judge Scofield dismissing Plaintiff's sex harassment claims.[1] Because no objections to the Report and Recommendation have been filed, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). After careful review, the Court finds no plain error in the Magistrate Judge's conclusions

---

[1] The April 17, 2006 Report and Recommendation mailed to Plaintiff was returned as "not deliverable as addressed" and was marked "unable to forward." (Mail Returned as Undeliverable [8].) Parties to all civil actions are required to keep the Clerk notified of any change of address. See L.R. 41.2(C), N.D. Ga. Plaintiff's failure to do so constitutes grounds for dismissal of the action. Id.

on the merits of Plaintiff's claim.[2]  The Court agrees Plaintiff's claim for alleged sexual harassment required Plaintiff to file a discrimination claim with the Equal Employment Opportunity Commission within 180 days of the alleged act of discrimination.  In the absence of this filing, a federal claim for sexual harassment is barred.  Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003).

The Court agrees with the Magistrate Judge's construction of Plaintiff's complaint as only stating a claim for sex harassment under Title VII.  The face of the complaint does not suggest that Plaintiff brings any other federal claims sufficient to confer jurisdiction under 28 U.S.C. § 1331.  To the extent that the complaint may be construed as stating any claims under state law, the pleadings do not indicate the parties are diverse, and the amount in controversy alleged in the complaint is significantly less than the $75,000 amount in controversy required.  See 28 U.S.C. § 1332; (Compl. [1], Ex. A.)

Accordingly,

---

[2] Although the Magistrate Judge also relies on the fact that Plaintiff did not oppose the motion to dismiss as a basis for dismissing Plaintiff's claims, this Court has examined the merits of Plaintiff's claims to determine if dismissal is appropriate.

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation. The Clerk of Court is **DIRECTED** to remand this action to the Magistrate Court of Cobb County, Georgia.

**SO ORDERED** this 5th day of June, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE